IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DWAYNE BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:24-cv-1590 |
| v. | ) | |
| | ) | |
| CITY OF CLEVELAND, *et al.*, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT**

This case is scheduled for a video status conference on August 20, 2025 at 1:30 p.m. This Court ordered a joint status report in advance of the conference. The parties report as follows:

**Plaintiff's Position**

In drafting the parties' joint status report, Plaintiff proposed to the Defense a substantially similar version of his position below—the short version of which is that in Plaintiff's view, discovery is proceeding normally. This morning, the Defense responded by attaching its below position. Therein, the Defense asserts that Plaintiff has "lied" to this Court by maintaining his innocence after his 1988 wrongful conviction. Then, threatening sanctions, the Defense asks the Court to "pause" this litigation and for the Plaintiff to "withdraw the Complaint."

Dwayne Brooks, an innocent man, has never made any misrepresentations to this Court; has barely begun to develop the factual record here further establishing his innocence; and asks this Court to address the Defense's fact disputes at summary judgment where they belong. The Defense's chief concern seems to be a production from third party the Ohio Parole Board, in which

1

Mr. Brooks, seeking his best chance at parole, told the Board he was present during the shooting at issue in this case. This is not a secret document, but has been available from a state agency since 2020. Further, as all practitioners know, and as Plaintiff will further demonstrate in discovery, parole candidates have no chance at parole unless they say they are culpable for the crime charged. Mr. Brooks's counsel team having openly pursued multiple pathways to free him from over three decades of wrongful confinement is a far cry from a "lie" upon the Court.

The documents the Defense refers to suggest, at most, that discovery is revealing disputed facts, which is its function. This is neither cause for a stay of the litigation nor for sanctions. Indeed, other key facts have already emerged even this early in discovery. For example, the parties have taken one deposition so far, in which Kelly Wingo, the state's key witness against Mr. Brooks at trial, recanted his inculpatory testimony. He has now testified at deposition that Mr. Brooks was in New York at the time of the shooting and that Cleveland police coerced him to say differently.

Plaintiff asks the Court to take Plaintiff's below summary as the accurate status of the case and to reject the Defense's attempt to gum up this litigation using threats.

A. Case Calendar and Pending Motions:

The parties are proceeding in discovery on the new case calendar. The City's motion to dismiss and the police officer Defendants' motion to dismiss in part are each fully briefed and pending. There are no other pending motions. The Defense filed a notice of suggestion of death for Defendant John Kaminski and Plaintiff intends to file a substitution of parties to join his estate.

B. Written Discovery:

The parties exchanged Rule 26 disclosures and one round of written discovery each so far. Plaintiff and the City have each made voluminous document productions and Plaintiff intends to work together on any supplemental productions. The parties continue to seek and review

productions from third party subpoenas including from the parole authorities, the FBI, the state prison agency and its contractors, Cuyahoga County, Plaintiff's previous employers and medical treaters, and others. Plaintiff anticipates propounding additional third-party subpoenas.

C. Depositions:

The parties have taken one witness deposition to date as set forth above. Two additional witness depositions are set, one for August 21 and another for a date to be agreed. The parties are holding dates for each of the police officer Defendants' depositions (September 17, 18, 19, 23, 24, and 29, and October 8) and will schedule the Plaintiff's deposition. Plaintiff anticipates scheduling several more third-party witness depositions and a Rule 30(b)(6) deposition of the City.

D. Conclusion:

Plaintiff requests that the Court reject the Defense's below requests and direct the parties to proceed in discovery on schedule. Should the Court require any additional detail regarding the Defense's accusations at this stage of the case, Plaintiff will promptly provide it.

**Defendants' Position**

Because of a recently discovered pattern of false statements and omissions by Brooks, Defendants seek for this Court to immediately pause litigation so that Brooks can withdraw the Complaint.

As this Court may recall, the Complaint alleges that there was scuffle at a local park involving a group of young men, including Sam Philpot and Kelly Wingo. (Compl., ¶ 17). Days later, Philpot and Wingo stole a van and grabbed a gun. (*Id.*, ¶¶ 1, 20). They fired on a group of people, killing Clinton Arnold. (*Id.*). Even through Plaintiff Dwayne Brooks was at the park during the scuffle, he told this Court that he was not involved in the later shooting. (*Id.*, ¶ 8). He was

3

innocent. (*Id.*, ¶ 120). Additionally, he asserted unconditionally that he has "always" maintained innocence. (*Id.*, ¶ 50) and he was "falsely" convicted of murder. (*Id.*, ¶ 1)

Brooks lied to this Court. Through a subpoena to the Ohio Parole Board, Defendants just learned that Brooks admitted he was present for the shooting, even if someone else pulled the trigger:

> It was Kelly, not me, who fired the shotgun. And although Sam Philpot, after taking the Fifth at my trial, testified at his trial that I was the shooter, Sam was in the front seat of the van and didn't see what happened.

Brooks also made assurances that this was truth:

> I realize it would be easier if I just admitted to the state's version of events so that the Board would believe I was accepting full responsibility. But I would rather admit what is true, that I was involved in the offense but did not fire the gun, rather than say what is false just to try to get released.

Brooks' counsel at the time, the Ohio Justice Policy Center ("OJPC"), confirmed that this was the truth:

> While Mr. Brooks admits being present with Wingo, Philpot, and the uncharged man as the four of them searched for the assailant, he denies firing the shotgun, insisting that it was Wingo—who pled guilty to a reduced charge and received 13 years in exchange for testifying against Mr. Brooks—who did so.

Since then, Brooks and his counsel have taken extreme efforts to hide that Brooks was in the van with co-conspirators when Mr. Arnold was shot and killed. First, Brooks and the OJPC suggested to the Cuyahoga Common Pleas Court that Brooks was innocent when moving for a new trial:

> Recently, Dwayne Brooks' current legal team obtained copies of police reports that were previously unavailable to him because the state failed to disclose them at trial. As will be explained, these reports contain exculpatory information that undermines the prosecution's theory and supports Brooks' innocence claim.

(Motion for New Trial filed October 13, 2021, CR 88 230818-ZA, p. 1).

4

Second, Brooks filed this lawsuit. He told this Court that he was "in New York with his family" the day of the shooting. (*Id.*, ¶ 8). "Brooks was not involved in anything like what the state alleged." (*Id.*, ¶ 42). He was "innocent" of the alleged crimes. (*Id.*, ¶ 120). He "always" maintained his innocence. (*Id.*, ¶ 50).

Third, Brooks failed to produce or acknowledge this admission in response to discovery requests in this litigation. Defendants sent multiple requests which should have captured this admission: documents related to the Complaint (RFP No. 2); documents describing the events in the Complaint (RFP No. 3); all files of post-conviction of attorneys (RFP No. 5); all documents related to post-conviction proceedings (RFP No. 7); all witness statements (RFP No. 9); correspondence related to post-conviction proceedings (RFP No. 11); and witness statements obtained by Plaintiff's counsel (RFP No. 16), as some examples.

Finally, Brooks' OJPC counsel did not provide a privilege log which would have captured this document, and denied having any such statement along with other statements submitted by Plaintiff referencing his guilt, and potentially other admissions that remain unknown. OJPC made several representations to this Court, including that it had no statements by key witnesses:

> Mr. Gutmann: [We ask for] some form of a privilege log with relation to witness statements in OJPC's possession, if only because there are a number of individuals who touched this case . . . .
>
> OJPC: We have no such documentation.

(Tr. 9:22, ECF No. 65). OJPC also denied it had statements from Mr. Ricotta and Mr. Friedman. (Tr. 9:24–10:7). But after this Court's order, OJPC produced statements from both men. OJPC presumably also has a copy Brooks' admission as it represented him before the Ohio Parole Board. (And even though the OJPC told this Court it had no witness statements, Brooks' litigation counsel here objected to OJPC's production of any witness statements provided by Brooks. (Tr. 12:24)).

5

Despite Brooks' and his counsel's obfuscation, Defendants finally have Brooks' admission of guilt. Defendants just received it last week. This case should not have been filed—and there should have been no efforts to hide the truth from this and other courts, as well as Defendants. This is compounded by Brooks' previous admissions to this Court that he has no evidence that the underlying police reports were withheld from prosecutors. At this point, there is no reasonable basis for proceeding further.

Defendants seek an immediate pause of this litigation so that Brooks can withdraw the Complaint. If he refuses, then Defendants seek time to consider all available options, including but not limited to those provided by Rule 11 and 28 U.S.C. § 1928.

Respectfully submitted:

/s/ Elizabeth Bonham
FG+G

Sarah Gelsomino (0084340)
Elizabeth Bonham (0093733)
50 Public Square, Suite 1900
Cleveland, OH 44113-2205
T: 216-241-1430
F: 216-621-0427
sarah@FGGfirm.com
elizabeth@fggfirm.com

Jacqueline Greene (0092733)
35 East 7th Street, Suite 201
Cincinnati, OH  45202
T: 513-572-4200
F: 216-621-0427
jacqueline@FGGfirm.com

*Counsel for Plaintiff*

/s/ Joseph Gutmann
Shneur Z. Nathan (IL6294495)

6

Avi T. Kamionski (IL6283191)
Joseph Gutmann (NY5221429)
Jami L. Galbraith (MD2211280175)
Nathan & Kamionski LLP
575 S. Charles St., Suite 402
Baltimore, MD 21201
(410) 630-4493
snathan@nklawllp.com
akamionski@nklawllp.com
jgutmann@nklawllp.com
jgalbraith@nklawllp.com

Kenneth A. Calderone (0046860)
John D. Latchney (0046539)
Hanna, Campbell & Powell, LLP
3737 Embassy Parkway, Suite 100
Akron, OH  44333
Telephone:  (330) 670-7324 / (330) 670-7602
Facsimile:   (330) 670-7440 / (330) 670-7458
Email:  *kcalderone@hcplaw.net*
           *jlatchney@hcplaw.net*

*Attorneys for Individual Defendants*


MARK D. GRIFFIN (0064141)
Director of Law

By: s/ *Matthew R. Aumann*
    William Menzalora (0061136)
    Chief Assistant Director of Law
    Matthew R. Aumann (0093612)
    Dylan F. Ford (0101464)
    Assistant Directors of Law
    City of Cleveland, Department of Law
    601 Lakeside Avenue E., Room 106
    Cleveland, Ohio 44114
    (216) 664-2800
    wmenzalora@clevelandohio.gov
    maumann@clevelandohio.gov
    dford5@clevelandohio.gov

*Attorneys for Defendant City of Cleveland*

7

## CERTIFICATE OF SERVICE

    I certify that on August 18, 2025, I filed a copy of the foregoing using the Court's CM/ECF system. All counsel will receive notice and service through that system.

                                                    */s/ Elizabeth Bonham*
                                                    *One of the Attorneys for Plaintiff*